UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-cr-315 (ESH) |
| | ) | |
| DESHAWN HOOD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Deshawn Hood has been charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). On September 18, 2019, the government requested he be detained pretrial (*see* Mem. in Support of Pretrial Detention [ECF 4]), a request that was preliminarily granted pending a detention hearing. (*See* Sept. 19, 2019 Minute Entry.) After a hearing on September 27, 2019, Magistrate Judge Robinson granted the government's motion for detention and denied Hood's motion for release. (*See* Sept. 27, 2019 Minute Entry.) On October 14, 2019, Hood renewed his motion to revoke detention and set release conditions (*see* Mot. to Revoke Detention Order ("Mot. to Revoke") [ECF 11]), which the government opposed. (*See* Resp. to Mot. to Revoke Detention Order [ECF 17].) Magistrate Judge Robinson entered an order of detention on October 18, 2019, finding by clear and convincing evidence that, in consideration of the factors in 18 U.S.C. § 3142(g), there were no conditions of release that "would reasonably assure the safety of any other person and the community." (*See* Order of Detention at 2 [ECF 13]); *see also* 18 U.S.C. § 3142(f), (g). At a status conference on October 23, 2019, the Court denied Hood's motion to revoke detention and set release conditions. This Memorandum Opinion sets forth in further detail the basis for the Court's ruling.

# DISCUSSION

Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, a judicial officer "shall order" a defendant's detention before trial if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e). The judicial officer considering the propriety of pretrial detention must consider four factors:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . [a] firearm;
>
> (2) the weight of evidence against the person;
>
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and . . . whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g). The government is required to demonstrate the inability of any condition or combination of conditions to assure the safety of any person and the community by clear and convincing evidence. *See id.* § 3142(f). As to risk of flight, the D.C. Circuit has concluded that the appropriate burden is preponderance of the evidence. *See United States v. Vortis*, 785 F.3d 327, 328–29 (D.C. Cir. 1986). Without reaching the issue of danger to the community upon which Magistrate Robinson relied, and for the reasons stated below, the Court finds by a preponderance of the evidence that no conditions will reasonably assure Hood's appearance as required and thus denies Hood's motion to revoke detention and set release conditions.

Hood bases his motion for revocation of detention on "his family and community ties" to the District (Mot. to Revoke at 3), as well as his compliance with supervised release conditions prior to this re-arrest. (*See id.* at 4.) However, this argument ignores Hood's prior experience of violating his release conditions and the limited effect his ties to the District and his family seem to have on him, as evidenced by his abscondence in a prior case before the Court. *See United States v. Hood*, Docket No. 15-cr-46. In that case—which coincidentally is for the same offense with which he is charged in the instant matter—Hood was placed in the High Intensity Supervision Program ("HISP") and allowed to reside with his mother in Northeast Washington. (*See* Order Setting Conditions [ECF 4], Docket No. 15-cr-46.) Less than two weeks later, Pretrial Services received a tamper alert from Hood's GPS device, and soon after learned from his mother that Hood had removed the device and not returned home since. (*See* Bench Warrant [ECF 5], Docket No. 15-cr-46.) A Pretrial Services request issued at that time reported that Hood also left a note, stating "that he can not [sic] allow the court system to run his life." (Pretrial Services Request for Revocation at 2, April 21, 2015; *see also* Tr. of Oct. 23, 2019 Status Conf. at ___.) A bench warrant was issued for Hood's arrest, and he could not be located until almost nine months later. (*See* Bench Warrant.) Notwithstanding this serious disregard for the Court's authority, Hood again asks to be placed in HISP and allowed to live with another family member, his grandmother, this time in Northwest D.C. (*See* Mot. to Revoke at 2.)

In light of the above-described incident, the Court finds by a preponderance of the evidence that no conditions of release will reasonably assure Hood's future appearances before the Court. As a result, Hood's motion for revocation of detention and setting of release conditions is hereby denied. In accordance with 18 U.S.C. § 3142(i), the Court hereby orders

that he remain in the custody of the Attorney General for confinement in a corrections facility pending trial.

**SO ORDERED.**

_Ellen S. Huvelle_
ELLEN S. HUVELLE
United States District Judge

Date: October 24, 2019