IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | Case No. 19-315-ESH |
| : | |
| DESHAWN HOOD : | |
| : | |
| Defendant   : | |

### MOTION TO SUPPRESS EVIDENCE SEIZED FROM SEPTEMBER 16, 2019 SEARCH AND SEIZURE OF THE DEFENDANT

COMES NOW, the Defendant, Deshawn Hood, by and through his attorneys, Michael E. Lawlor, and Nicholas G. Madiou, Brennan, McKenna & Lawlor, Chtd., and requests that this Court suppress any and all evidence seized as a result of the September 16, 2019 stop, arrest, and search of Mr. Hood. Specifically, Mr. Hood asks this Court to suppress all evidence which was allegedly seized from the defendant following law enforcement's illegal seizure of him in the 4200 block of Foote Street, N.E. on or about September 16, 2019. Mr. Hood further moves to suppress all "fruits" of the illegal seizure, including any alleged statements and any evidence recovered during or following the illegal seizure and search on that date. In support of this Motion, counsel state the following:

### Introduction

The United States of America charged Mr. Hood by Indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). A review of the

discovery provided by the government reveals that on September 16, 2019, at about 11:25 p.m., members of the Metropolitan Police Department Gun Recovery Unit ("GRU") were patrolling through the area of 42nd Street, N.E. and Foote Street, N.E. in the District of Columbia. The officers were traveling in separate vehicles north on 42nd Street, N.E. As they passed the Foote Street intersection, officers observed Mr. Hood in the 4200 block of Foote Street, N.E.

At that time, Mr. Hood was walking eastbound toward the middle of the block – where his home was located. The officers drove past Foote Street, N.E., stopped their vehicles, backed up, and made the right turn onto Foot Street. At that point Mr. Hood was in the street crossing over toward his home. The first vehicle had two officers – Officer Torres was driving and Officer Jacobs was in the passenger seat. The two officers pulled up alongside Mr. Hood, who was on the driver's side of the vehicle, and made contact with him. Both officers immediately exited their vehicle and approached Mr. Hood. Mr. Hood raised his shirt to show his waist area and held his hands in the air. Officer Jacobs was the first officer to reach Mr. Hood, and detain him. Officer Torres was the next officer to reach Mr. Hood.

Mr. Hood immediately told the officers that they did not have his consent to stop him, touch him, or search him. Mr. Hood began to slowly back up to continue toward his home. The officers ordered him to stop backing up. In less than a minute four other GRU officers arrived on the block and helped surround Mr. Hood. One or

more of the officers patted down Mr. Hood and discovered a hard object in his crotch area. A search revealed a .40 caliber Glock hand gun. Mr. Hood was arrested and charged with being a felon in possession of a firearm.

Mr. Hood challenges the propriety of this stop and subsequent search and seizure of the his person, and moves to suppress all evidence, both physical and otherwise that resulted therefrom.

## Applicable Law

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. An officer may stop and briefly detain a person for investigative purposes when there is "reasonable suspicion," based on articulable facts, that criminal activity is afoot. *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000); *Terry v. Ohio*, 392 U.S. 1, 30 (1968). A warrantless arrest is permitted only when there is probable cause to believe a crime is being or has been committed by the arrested individual, based upon "the totality of the circumstances." *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983). Generally, evidence seized as a result of an illegal stop or arrest is excludable. *Wong Sun v. United States*, 371 U.S. 471 (1963).

## Discussion

The stop conducted in this case violated the Fourth Amendment of the United States Constitution because officers lacked any particularized suspicion that Mr.

Hood was involved in any illegal activity. Police body worn camera produced in this case shows the officers descend on Mr. Hood. The footage also demonstrates that officers' actions were not supported by any articulable suspicion to stop, detain or arrest him. The officers' initial interaction with Mr. Hood was so overpowering that it constituted an arrest for Fourth Amendment purposes. The search and subsequent seizure from Mr. Hood's person was unlawful. All evidence was recovered in violation of Mr. Hood's Fourth Amendment rights under the United States Constitution and, as such, should be suppressed.

## Conclusion

For the reasons stated above and those that will be presented at a hearing on this matter, Mr. Hood requests that any and all evidence seized as a result of the September 16, 2019 stop should be suppressed.

Respectfully submitted,
/s/
_____
Michael E. Lawlor
Nicholas G. Madiou
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
301.474.0044
mlawlor@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 22, 2019, a copy of the foregoing was sent to the United States Attorney's Office for the District of Columbia, via ECF.

/s/
_____
Michael E. Lawlor