**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 19-cr-315 (ESH) |
| : | |
| DESHAWN HOOD, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplemental opposition to defendant's motion to suppress evidence. In support of this supplemental opposition motion, the government relies on the points and authorities set forth below, and any additional points and authorities, which may be cited at a hearing on this motion.

**ARGUMENT**

> i.   *Seizure Occurred after Officer Jacobs Saw the Bulge and When the Defendant Stopped Backing Away from Officer Jacobs*

Defendant was seized after Officer Jacobs saw the bulge in his pants. Officer Jacobs's first words to the defendant, "Hold up for a sec," do not amount to a show of authority that constitutes a seizure. Even if the Court finds that there was a sufficient show of authority in the words, "Hold up a sec," there was no seizure because the defendant did not submit to those words. The defendant only stopped moving away from Officer Jacobs after Officer Jacobs had seen the bulge and then proceeded to order the defendant to "Stop backing up." It is only once the defendant stopped moving that there was a seizure.

Recent D.C. Circuit court cases find that a seizure occurs "only if: (1) a reasonable person would feel, under all the circumstances, he could not disregard the police inquiries and go about

1

his business; (2) the restraints imposed upon him result from the police conduct itself rather than the happenstance of where the encounter occurred; and (3) the person actually reacted in a manner consistent with being 'seized.'" *United States v. Jordan*, 951 F.2d 1278, 1281 (D.C. Cir. 1991). It is well-established that not all police conduct is a show of authority sufficient to work a seizure requiring reasonable suspicion. *Florida v. Bostick*, 501 U.S. 429, 432-35 (1991) ("[The police] may generally ask questions to an individual . . . as long as the police do not convey the message that compliance with their requests is required."). A "show of authority" is determined by the totality of the circumstances including, but not limited to facts such as "whether the suspect was physically intimidated or touched, whether the officer displayed a weapon, wore a uniform, or restricted the defendant's movements, the time and place of the encounter, and whether the officer's 'use of language or tone of voice indicat[ed] that compliance with the officer's request might be compelled.'" *United States v. Wood*, 981 F.3d 536, 539 (D.C. Cir. 1992) (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). The Supreme Court of the United States emphasized that to determine seizure, there is no "bright-line rule," but rather courts must use a "contextual approach." *Michigan v. Chestnut*, 486 U.S. 567, 572-73 (1988).

Applying the *Mendenhall* totality of the circumstances test, the defendant was not seized at the time that Officer Jacobs said, "Hold up a sec." Defendant Hood was never physically intimidated or touched. Officer Jacobs never displayed a weapon. Officer Jacobs was in plain clothes – though admittedly, he was also wearing tactical gear which had the word, "police," on it. He never raised his voice beyond a conversational tone. When Officer Torres parked the car, it was not in a manner which blocked off the defendant's ability to walk in almost all directions freely. The entire encounter occurred outdoors in open space on the street where Officer Jacobs did not stand directly in front of or behind the defendant. The defendant's movements were not

restricted at all. *Cf. Wood* at 540 ("Webb was so close to Wood when he told him to stop that, by Webb's own admission, Wood had 'nowhere to go.'"). In fact, it is apparent that defendant's movement was unrestricted because he kept walking away even as Officer Jacobs approached him.

Finally, the words, 'Hold up a sec," alone are insufficient to amount to a "show of authority" resulting in seizure. As Officer Jacobs testified and as corroborated by the body worn camera footage, he spoke in a conversational tone rather than an authoritative tone. His intent was to have a conversation with the defendant, not to stop him. He testified that he would have said, "Stop!" in an authoritative tone if he was intending to stop the defendant. *Cf. Wood* at 540 (The Court found a "show of authority" where the officer used the words, "halt right there," and "stop" while positioning himself directly behind the defendant.) Indeed, once again the fact that the defendant kept walking away indicates that he felt free to leave. *See United States v. Lloyd*, 868 F.2d 447, 451 (D.C. Cir. 1989) (Noting that the fact that defendant walked away as police spoke to him indicates that he felt free to leave).

Nevertheless, assuming arguendo that there was a sufficient show of authority, the fact that defendant did not submit means that he was not seized. The Supreme Court of the United States in *California v. Hodari D.*, 499 U.S. 621 (1991) held that even when a reasonable person believed that he was not free to leave pursuant to an officer's command to stop, a defendant may not rely on show of authority if he failed to submit to the officer's assertion of authority. *See also Wood* at 50. Here, defendant continued to move away from the officers after Officer Jacobs said to "Hold up a sec." It was only after Officer Jacobs clearly saw the bulge in plain sight that he commanded defendant to "stop backing away," and defendant submitted by stopping. Because defendant failed to submit to Officer Jacobs's statement, "Hold up a sec," there was no seizure until *after* the officers saw the bulge in defendant's waistband.

*ii. Even if The Defendant Was Seized by the Words, "Hold up a Sec," There Was Reasonable Suspicion to Stop the Defendant Prior to the Seizure*

Even if the Court finds that the defendant was seized upon Officer Jacobs saying "Hold up a sec," Officer Jacobs had reasonable suspicion to stop the defendant for investigative purposes prior to exiting the vehicle. In determining whether reasonable suspicion exists, officers are to consider whether all the facts "taken together [warrant] further investigation" and may consider behavior that would normally be innocent conduct, such as pacing. *Terry*, 392 U.S. at 22. Officers are permitted to take into account a wide range of factors in making the reasonable suspicion determination. *Id.* (Officers can take account of strange or atypical behavior).[1] Indeed, the Supreme Court has held that an "act of evasion," "certainly suggestive" of criminal activity, satisfies the reasonable suspicion requirement for police to stop and frisk an individual. *Wardlow*, 528 U.S. at 125 (holding that defendant's flight in a high crime neighborhood provided sufficient reasonable suspicion to stop him and frisk for a weapon); *U.S. v. Brignoni-Ponce*, 422 U.S. 873, 884 (1975) (obvious attempts to evade the police support the reasonable suspicion requirement); *see also Terry*, 392 U.S. at 27. Here, the defendant was walking around in a high crime area, blading his body away from the view of officers, while putting his hands up unsolicited. Prior to that he had, of his own volition, initiated contact with the officers to greet them and say without any prompting that he was going home. The atypical behavior that the defendant displayed along

---

[1]   *See also Wardlow v. Illinois*, 528 U.S. 119, 125 (2000) (officers may take account of the fact that an individual is in a high crime area because they need not "ignore the relevant characteristics of a location in determining whether the circumstances are sufficiently suspicious to warrant further investigation"); *United States v. Laing,* 889 F.2d 281, 286 (D.C. Cir. 1989) (time of day, the "high crime" nature of an area, and furtive hand movements are all relevant to the reasonable suspicion inquiry).

with the late hour and high crime area suffice to establish reasonable suspicion for the officers to stop the defendant to further investigate.

      iii.      *The Discovery of the Bulge Did Not Occur As a Result of Any Seizure*

Finally, even if the Court finds that there was an unlawful seizure at the time that Officer Jacobs's said, "Hold up a sec," the discovery of the bulge did not rely on the seizure. In other words, even if Officer Jacobs had never said the words, "Hold up a sec," he would have inevitably seen the bulge on the defendant. "When … evidence . .. would inevitably have been discovered without reference to the police error or misconduct, there is no nexus sufficient to provide a taint and the evidence is admissible." *United States v. Gale*, 952 F.2d 1412, 1416 (D.C. Cir. 1992) (quoting *Nix v. Williams*, 467 U.S. 431, 448 (1984) (holding that the drugs would have inevitably been found on an independent basis and thus not suppressed, despite the reliance on statements made by the appellant in violation of the Fifth Amendment). Here, the defendant was walking away from the officers with his arms up prior to Officer Jacobs exiting the vehicle. Once Officer Jacobs had fully exited the vehicle and seen the defendant, who was still walking away, he was able to see clearly the bulge. The defendant's behavior remained unchanged, *i.e.* he kept walking away with his hands up, prior to and after the words, "Hold up a sec," were uttered. Therefore, Officer Jacobs would have seen the bulge regardless of his words—ultimately, resulting in reasonable suspicion to pat down the defendant.

## CONCLUSION

**WHEREFORE** for the reasons stated above the United States respectfully submits that defendant's motion to suppress should be denied.

                                                            Respectfully submitted,

                                                            JESSIE K. LIU
                                                            UNITED STATES ATTORNEY

Case 1:19-cr-00315-ESH   Document 25   Filed 01/14/20   Page 6 of 7

        D.C. Bar No. 472-845

By:          /s/         
VIVIAN E. KIM
C.A. Bar No. 303066
Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
Telephone: (202) 252-7014
E-mail: Vivian.Kim@usdoj.gov

STEVEN B. WASSERMAN
D.C. Bar No. 453251
Assistant United States Attorney
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
Telephone: (202) 252-7719
E-mail: Steve.Wasserman@usdoj.gov

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a copy of the foregoing was served via ECF on counsel for Defendant, on this 14th day of January, 2020.

                                                                                                                _____/s/_____
                                                                                                                Vivian E. Kim
                                                                                                                Steven B. Wasserman
                                                                                                                Assistant United States Attorneys