UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.    : | Criminal No. 15-cr-46 (ESH) |
| : | |
| DESHAWN HOOD,    : | |
| : | |
| Defendant.   : | |

**GOVERNMENT'S MEMORANDUM OF LAW**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum of law regarding the use of suppressed conduct in revocation proceedings. In support of this memorandum, the government relies on the points and authorities set forth below, and any additional points and authorities, which may be cited at a revocation hearing.

**FACTUAL BACKGROUND**

On July 15, 2016, defendant Deshawn Hood pled guilty to one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year in violation of 18 U.S.C. §922(g)(1). On October 5, 2016, the Court sentenced defendant Hood to fifteen (15) months of incarceration, with credit for time served; followed by thirty-six (36) months of supervised release. A hearing on violation is set for March 2, 2020. The Court ordered the government to file a memorandum of law regarding the use of suppressed conduct in revocation proceedings by February 10, 2020.

**ARGUMENT**

The government submits that the Court may consider suppressed conduct from Case No. 19-cr-315 in defendant's revocation proceeding in the instant matter. In *Pennsylvania Board of Probation and Parole v. Scott*, 524 U.S. 357, 369 (1998), the United States Supreme Court held

1

that the exclusionary rule does not apply in state parole revocation proceedings. Relying on *Scott*, several circuit courts have held that the exclusionary rule did not apply to supervised release revocation proceedings. *See U.S. v Hill*, 946 F.3d 1239, 1243 (11th Cir. 2020); *U.S. v Hightower*, No. 98-CR-50198, 2020 WL 573376 (2d Cir Feb. 6, 2020); *U.S. Phillips*, 914 F.3d 557, 560 (7th Cir. 2019); *U.S. v. Charles*, 531 F.3d 637, 640 (8th Cir. 2008); *U.S. v. Hebert*, 201 F.3d 1103, 1104 (9th Cir. 2000); *U.S. v. Armstrong*, 187 F.3d 392, 394 (4th Cir. 1999). Other circuit courts have also long held that the exclusionary rule does not apply to revocation proceedings. *See U.S. v. Montez*, 952 F.2d 854, 857 (5th Cir. 1992); *United States v. Finney*, 987 F.2d 1047, 1048 (10th Cir. 1990). No other circuit court has held otherwise. *See Hill*, 946 F.3d at 1241. For these reasons, the Court may consider suppressed evidence in the probation revocation hearing of defendant in the instant matter.

                                    Respectfully submitted,

                                    TIMOTHY J. SHEA
                                    UNITED STATES ATTORNEY
                                    D.C. Bar No. 437437

By:          /s/
                                    VIVIAN E. KIM
                                    C.A. Bar No. 303066
                                    Assistant United States Attorney
                                    555 Fourth Street, N.W.,
                                    Washington, D.C. 20530
                                    Telephone: (202) 252-7014
                                    E-mail: Vivian.Kim@usdoj.gov

                                    STEVEN B. WASSERMAN
                                    D.C. Bar No. 453251
                                    Assistant United States Attorney
                                    555 Fourth Street, N.W., Fourth Floor
                                    Washington, D.C. 20530
                                    Telephone: (202) 252-7719
                                    E-mail: Steve.Wasserman@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served via ECF on counsel for Defendant, on this 10th day of February, 2020.

_____/s/_____
Vivian E. Kim
Steven B. Wasserman
Assistant United States Attorneys